UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOHAIB ALAM QAZI,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNAI CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07498-DAD-SCR<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDERING SUPPLEMENTAL BRIEFING AND ANY AND ALL CORRESPONDING DOCUMENTS FROM RESPONDENT |

Petitioner has filed a *pro se* petition for writ of habeas corpus challenging his current detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) He has also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") seeking his immediate release from custody or a bond hearing (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) The court issued an order setting a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 6.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought, then it would rule on the merits of the underlying petition based upon the

/////

briefing presently before it. (*Id.*) The court further directed respondent to indicate whether it opposed the court taking such action. (*Id.*)

Respondent subsequently filed a response to the habeas petition and its opposition to petitioner's TRO motion. (Doc. No. 8.) In its response, respondent claims that petitioner is being detained pursuant to 8 U.S.C. § 1226(c), but that it does not object to the court ruling on the underlying habeas petition based upon the present briefing and concedes petitioner is entitled to a bond hearing before an immigration judge ("IJ"). (Doc. No. 8 at 1.)

Petitioner is a citizen of Pakistan. (Doc. No. 1 at 2.) He entered the United States in 2003 as a Lawful Permanent Resident child of a skilled worker or professional. (Doc. No. 8 at 2, 10,) According to respondent, petitioner is currently under mandatory immigration detention since October 2025, pursuant to 8 U.S.C. § 1226(c), based upon various Florida criminal convictions. (Doc. No. 8 at 2–3.)

Initially, the court has concerns regarding petitioner's prolonged, year–long immigration detention. *See Soto v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00893, 2026 WL 1983409, at *3 (E.D. Cal. July 9, 2026) (explaining in part that an immigration detainee being held pursuant to § 1226(c) for seven months without a bond hearing violates a petitioner's due process rights). In its responsive brief, respondent indicates that petitioner was scheduled to have a bond hearing on October 1, 2026. (Doc. No. 8 at 8.) Prior to the court ruling on petitioner's pending habeas petition, the court will order respondent to file a supplemental brief addressing petitioner's October 1, 2026, hearing before the immigration court, along with all documents associated with that hearing.

Accordingly:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Respondent shall file a supplemental brief along with all corresponding documents associated with petitioner's hearing before the immigration judge on or about October 1, 2026, within three (3) business days of this order; and

/////

/////

3. Petitioner may file a reply to respondent's supplemental brief and corresponding documents within seven (7) days thereafter.

IT IS SO ORDERED.

Dated: **October 20, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE